*In re* MARRIAGE OF EVALYN VANEK, Petitioner-Appellant, and KENNETH VANEK, Respondent-Appellee.

First District (3rd Division)   No. 1—91—2351

Opinion filed May 26, 1993.

Herbert A. Glieberman, of Herbert A. Glieberman & Associates, of Chicago (Donald L. Metzger, of counsel), for appellant.

Norman H. Lesser, of Norman H. Lesser & Associates, of Chicago (James K. McCabe, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

On January 28, 1991, petitioner filed a petition pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) to modify a judgment for dissolution of marriage awarded the parties on October 21, 1981. Petitioner specifically requested an equitable distribution of respondent's military pension benefits. The trial court dismissed the section 2—1401 petition based upon petitioner's failure to file her petition within the two-year statute of limitations governing the modification of judgments.

Petitioner Evalyn Vanek (Evalyn) married respondent Kenneth Vanek (Kenneth) in 1954 and bore six children. Evalyn worked as a registered nurse, and Kenneth was employed in the banking industry. On October 21, 1981, the parties were granted a judgment for dissolution of marriage. Although the parties and the trial court were aware of respondent's military pension, it was not distributed under the judgment since, at that time, Federal law precluded the division of military pensions in dissolution proceedings held pursuant to State law. See *McCarty v. McCarty* (1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728.

Effective February 1, 1983, Congress enacted the Uniform Services Former Spouses Protection Act (USFSPA) (10 U.S.C. §1408(C)(1) (1988)) which nullified the *McCarty* decision and allowed States to divide military pensions in marriage dissolution proceedings "for pay periods beginning after June 25, 1981." In order to effectuate the intent and spirit of section 1408 of the USFSPA, the Illinois General Assembly added section 510.1 to the Illinois Marriage and Dissolution of Marriage Act (the Marriage Act), which provided, *inter alia*:

"(a) Agreements, judgments or orders that became final on or after June 26, 1981, and February 1, 1983, may be modi-

fied to include a division of military retirement benefits payable on or after February 1, 1983, in a manner consistent with federal law and the law of this State as it existed before June 26, 1981, and it has existed since February 1, 1983.

* * *

(e) This section is repealed on January 1, 1989." Ill. Rev. Stat. 1987, ch. 40, par. 510.1.

Section 510.1 provided a legal avenue for parties to reopen marriage judgments rendered in the *McCarty* era when military pensions were precluded from aportionment. The legislature in effect extended the normal two-year statute of limitations governing the modification of judgments (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) until January 1, 1989, when the extension became repealed by its own terms.

On January 31, 1991, more than two years after section 510.1 was repealed, Evalyn filed a petition to modify her prior judgment in an effort to avail herself of the protections afforded her under the USFSPA. The trial court dismissed Evalyn's petition on the grounds it was untimely and beyond the two-year statute of limitations governing the modification of judgments.

On appeal, petitioner argues her petition was improperly dismissed since: (1) the protections of the USFSPA were intended to apply retroactively to June 25, 1981; (2) the statute of limitations in section 510.1 of the Marriage Act frustrates the intent of Congress and is unconstitutional; (3) the judgment could be modified pursuant to sections 510(b) and 511 of the Marriage Act; and (4) the court may award the military pension as a supplemental judgment since the earlier judgment did not fully adjudicate the parties' rights to the pension.

■ Initially, we consider whether Evalyn's petition was properly filed pursuant to the USFSPA. The USFSPA was enacted to permit States to divide military pensions pursuant to State law. The USFSPA does apply retroactively to the extent that it applies to military pensions received after June 25, 1981. However, whether or not a party may modify a prior judgment in order to incorporate the benefits conferred by the USFSPA depends upon the particular State's law governing the modification of judgments. See, e.g., *In re Marriage of Vest* (1991), 208 Ill. App. 3d 325, 329, 567 N.E.2d 47, citing *Barnes v. Barnes* (1987), 43 Cal. 3d 1371, 743 P.2d 915, 240 Cal. Rptr. 855 (USFSPA not intended to restrict State law on the modification of final judgments); *Andresen v. Andresen* (1989), 317 Md. 380, 564 A.2d 399 (petition to reopen mar-

riage judgment under USFSPA denied where petition was filed more than four years after the entry of judgment); *In re Marriage of Quintard* (Mo. App. 1985), 691 S.W.2d 950 (petition to reopen judgment pursuant to USFSPA denied for lack of compliance with State law).

Turning to our State law, section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) permits litigants to set aside a judgment within two years of the date of the judgment or order. This two-year period may be tolled where the person seeking relief was under a legal disability, duress or the ground for relief was fraudulently concealed. Petitioner argues that the statute of limitations was tolled because she was under the legal disability of the *McCarty* decision, which prevented States from dividing military pensions. While we agree with this contention, we find that this "legal disability" was removed as of February 1, 1983, the date that the USFSPA became effective, allowing military pensions to be divided in accordance with State law. Thus, the section 2—1401 statute of limitations period was extended until February 1, 1985. However, because of the foreseeable hardship worked upon litigants such as petitioner, the Illinois legislature effectively extended the time for modifying a judgment, to include a division of military retirement benefits, until January 1, 1989. Even if petitioner's judgment did not become final until January 1, 1989, the two-year period under section 2—1401 would have commenced on this date. Evalyn filed her petition on January 31, 1991, more than two years from the date her judgment became final. Therefore, the trial court properly dismissed the petition for failure to comply with the two-year statute of limitations. Moreover, we find no provision within the USFSPA which would allow petitioner to file for modification after this date. As stated, the time limit under the USFSPA had already expired on February 1, 1985, in accordance with State law. While the USFSPA was intended to restore to the States their traditional authority in the province of domestic relations, it was not intended to preempt or abrogate State procedural law. See *Mansell v. Mansell* (1989), 490 U.S. 581, 104 L. Ed. 2d 675, 109 S. Ct. 2023.

■ Petitioner alternatively argues that section 510.1 of the Marriage Act is unconstitutional in that it frustrates the original intent of Congress to place litigants in a pre-*McCarty* position with respect to their right to receive military pension benefits. While we agree with this intent, we must add the condition that litigants are to be granted these rights *in accordance with State procedural*

*law.* The USFSPA ostensibly did not provide an elaborate procedural mechanism for the modification of prior judgments. This would have been an obvious intrusion into the traditional State governance of civil procedure. That is not to say Congress was precluded from providing such a mechanism, as it has often done in matters of Federal importance. However, the reservation of these rights to the individual States further demonstrates congressional cognizance of the traditional role assumed by the States in matrimonial matters. Moreover, our State legislature enacted section 510.1 *to further* rather than frustrate the intent of Congress *vis-a-vis* the division of military benefits.

Evalyn also argues that her petition was valid under section 510(b) of the Marriage Act, which permits court to revoke or modify a property disposition "[if] the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." (Ill. Rev. Stat. 1989, ch. 40, par. 510(b).) As discussed *supra,* we do not find any basis under State law to reopen or modify the original judgment. Pursuant to State law, petitioner had several foregone opportunities to modify her judgment but failed to act. While her loss of rights is unfortunate, we are not in the business of creating custom-tailored laws which blatantly transgress the powers of the legislature.

■ Finally, petitioner argues that her petition may be brought as a separate action for a supplemental judgment to equitably distribute the military pension, which was previously excluded from division. We, likewise, find no merit in this contention. The military pension was not previously divided because the law at that time precluded its division. However, the pension was brought to the attention of the trial court and both parties were fully aware of its existence at that time. Therefore, the parties' rights in the property were adjudicated by the original judgment within the confines of then existing law. Although petitioner's rights to the pension were revived by the enactment of the USFSPA and extended by section 510.1 of the Marriage Act, petitioner failed to timely act and cannot now bring her action on a finalized issue.

Petitioner also attempts to appeal to the trial court's reservation of jurisdiction in the original judgment which reserved jurisdiction "until this judgment be fully satisfied." Petitioner argues that jurisdiction was retained because the military pension was never distributed. This argument ignores all statutory law on the finality of judgments. Again, if petitioner had acted timely, we may have found merit to this argument.

For all of the foregoing reasons, the order of the circuit court of Cook County is hereby affirmed.

Affirmed.

RIZZI and CERDA, JJ., concur.