OPAL M. GIBBS, Plaintiff-Appellee, v. THE MADISON COUNTY SHERIFF'S DEPARTMENT, Defendant-Appellant.—ROBIE P. POSTON, Plaintiff-Appellee, v. THE MADISON COUNTY SHERIFF'S DEPARTMENT, Defendant-Appellant.

Fifth District    No. 5—00—0384, 5—00—0385 cons.

Opinion filed December 12, 2001.

John L. Gilbert, of Hinshaw & Culbertson, of Belleville, for appellant.

B. Jay Dowling, of Law Office of B. Jay Dowling, P.C., of Fairview Heights, for appellees.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

In separate actions, Robie P. Poston and Opal M. Gibbs filed suit against the Madison County sheriff's department (defendant). Each plaintiff sought a judgment declaring that a deputy sheriff assigned to work as a jail-correction officer was an "eligible employee" under the Public Employee Disability Act (Act) (5 ILCS 345/1 (West 1998)). The Madison County circuit court determined that sheriff's deputies assigned as jail-correction officers were law enforcement officers and were eligible employees under the Act. Defendant appealed.

The pertinent facts are not in dispute. In September 1996, the Madison County sheriff appointed Poston as a deputy sheriff and assigned him to work in the jail division. Gibbs had also been appointed as a deputy sheriff and was also assigned to the jail division. Both Poston and Gibbs took the official oath for the office of "Jail-Correction Officer—Deputy Sheriff." From the date of their respective appointments, Poston and Gibbs were assigned to work in the position of jail-correction officer (jail officer). Prior to their respective dates of injury, neither had been assigned to work in the patrol division of the sheriff's department. On June 10, 1996, Gibbs sustained a line-of-duty injury

while performing the duties of a jail officer. She applied for disability benefits pursuant to section 1(b) of the Act (5 ILCS 345/1(b) (West 1994)). On July 14, 1999, Poston sustained a line-of-duty injury to his hand while performing the duties of a jail officer. He also applied for benefits under section 1(b). Madison County denied both applications on the basis that local corrections officers were not eligible employees according to section 1(a) of the Act (5 ILCS 345/1(a) (West 1998)).

On August 16, 1999, Gibbs filed the declaratory judgment action in the circuit court. She sought a determination that she was a law enforcement officer and an "eligible employee" under section 1(a) of the Act. Poston filed a similar action on September 2, 1999. The circuit court determined that the term "law enforcement officer," as used in the Act, includes an individual performing the job functions of a correctional officer, and the court concluded that Poston and Gibbs were "eligible employees" under section 1(a). Defendant appealed the judgments. We granted defendant's motion to consolidate the cases for purposes of appeal.

On appeal, defendant claims that the circuit court erred in deciding that jail officers were "law enforcement officers" and eligible for benefits under the Act. In support of its position, defendant notes that the pre-1992 version of section 1(a) specifically included local corrections officers as eligible employees (5 ILCS 345/1(a) (West 1992)) but that local corrections officers were excluded from that section when it was amended by the legislature in 1992 and 1993 (5 ILCS 345/1(a) (West Supp. 1993) (as amended by Pub. Act 87—1161, eff. September 18, 1992 (1992 Ill. Laws 3175—76) and Pub. Act 88—45, eff. July 6, 1993 (1993 Ill. Laws 366))). Defendant argues that these amendments demonstrate a legislative intent to exclude local jail officers from coverage under the Act. Pointing to the definitions of "law enforcement officer" contained in the Illinois Police Training Act (50 ILCS 705/2 (West 2000)) and the Illinois Human Rights Act (775 ILCS 5/2—104 (West 2000)), defendant asserts that a law enforcement officer is primarily responsible for the prevention or detection of crime and the enforcement of state and local criminal and traffic laws and that the duties of a jail officer do not fall within that definition. Defendant concludes that because Gibbs and Poston had worked exclusively as jail officers and had never performed patrol duties, they were not law enforcement officers and therefore were not eligible for benefits under the Act.

■ In this case, we must decide whether a sheriff's deputy assigned as a jail officer is a "law enforcement officer" as that term is used in section 1 of the Act. An issue involving statutory interpretation is a question of law and is subject to *de novo* review. *Lucas v.*

*Lakin*, 175 Ill. 2d 166, 171, 676 N.E.2d 637, 640 (1997). In interpreting a statute, the primary goal is to ascertain and give effect to the true intent of the legislature. 5 ILCS 70/1.01 (West 1994); *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990). The best evidence of legislative intent is the language used in the statute itself. *Kraft, Inc.*, 138 Ill. 2d at 189, 561 N.E.2d at 661. If the legislative intent can be ascertained from the plain language of the statute, we must give it effect without resorting to interpretive aids. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 389, 665 N.E.2d 808, 813 (1996). When the language of a statute is clear and unambiguous, a court should not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *Kraft, Inc.*, 138 Ill. 2d at 189, 561 N.E.2d at 661. However, when the language of a statute lends itself to two possible interpretations, it should be given the interpretation that is reasonable and that will not produce an absurd, unjust, or unreasonable result. *Collins v. Board of Trustees of Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110, 610 N.E.2d 1250, 1253 (1993).

The question in this case is whether sheriff's deputies who work in the jail division are law enforcement officers and are thereby eligible employees under section 1(a) of the Act. This issue of statutory interpretation arises from the legislative revisions to that section which became effective in 1992 and 1993. The pre-1992 version of section 1 stated in pertinent part as follows:

"§ 1. Whenever any law enforcement officer, correctional officer, [or] fireman *** who is employed on a full[-]time basis by the State of Illinois, any unit of local government (including any home rule unit), any State[-]supported college or university, or any other public entity granted the power to employ persons for such purposes by law suffers any injury in the line of duty which causes him to be unable to perform his duties, he shall continue to be paid by the employing public entity on the same basis as he was paid before the injury ***." 5 ILCS 345/1 (West 1992).

The current version of section 1 incorporates the 1992 and 1993 amendments and applies to this case because Poston and Gibbs were injured after the effective dates of those amendments. See 5 ILCS 345/ 1(a) (West 2000). (The current version also contains additional legislative revisions made in 1997, but those revisions did not alter the subject matter at issue in this case.) Section 1(a) of the Act currently states as follows:

"§ 1. Disability benefit.

(a) For the purposes of this Section, 'eligible employee' means any part-time or full-time State correctional officer or any other

full[-] or part-time employee of the Department of Corrections, any full[-] or part-time employee of the Prisoner Review Board, any full[-] or part-time employee of the Department of Human Services working within a penal institution or a State mental health or developmental disabilities facility operated by the Department of Human Services, and any full-time law enforcement officer or full-time firefighter who is employed by the State of Illinois, any unit of local government (including any home rule unit), any State[-] supported college or university, or any other public entity granted power to employ persons for such purposes by law." 5 ILCS 345/ 1(a) (West 2000).

The Public Employee Disability Act was enacted in 1973 and was intended to provide for a continuation of full pay for law enforcement officers, corrections officers, firefighters, and state employees who suffer disabling injuries in the line of duty. See 5 ILCS 345/0.01 *et seq.* (West 1992). There is no indication that the legislature intended to alter or alleviate that purpose with the subsequent amendments to the Act. Though defendant argues that the legislature intended to exclude local correctional officers from coverage when it amended section 1, it cannot point to anything beyond the amendment itself as evidence that this was the intention of the legislature. Given that the specific intent of this statute remains intact, we cannot discern any plausible reason to support defendant's position that the legislature intended that sheriff's deputies assigned as jail officers should not have the same benefits as those provided to patrol deputies, state and local police officers, and state correctional officers.

It is, however, reasonable to construe the term "law enforcement officer" to include sheriff's deputies assigned as jail officers. In our view, this is a reasonable interpretation that gives effect to the legislature's intent to provide full pay for law enforcement officers who suffer disabling injuries in the line of duty. The legislature did not define "law enforcement officer" in any section of the Act. It did not designate which local governmental agencies employed "law enforcement officers." The legislature did not expressly exclude local correctional officers from coverage or declare that they were not eligible employees under the Act. Sheriffs elected under the Illinois Constitution assume all of the statutory duties imposed by the legislature and, in addition, retain all of the authority and duties they had at common law. Ill. Const. 1970, art. VII, § 4; *Dahnke v. People*, 168 Ill. 102, 112, 48 N.E. 137, 141 (1897). Under the common law, the sheriff was the keeper of the king's peace and had the common-law power to make warrantless arrests for breaches of the peace. See *People ex rel. Walsh v. Board of Commissioners*, 397 Ill. 293, 303, 74 N.E.2d 503, 509

(1947). The sheriff also has a number of statutory duties. The sheriff is the custodian of the courthouse and the jail. 55 ILCS 5/3—6017 (West 1996). He is charged with the duty to serve, execute, and return warrants, process, orders, and judgments. 55 ILCS 5/3—6019 (West 1996). The sheriff is also a conservator of the peace in his county. 55 ILCS 5/3—6021 (West 1996). As a conservator of the peace, he has the duty to prevent crime and keep the peace and order in his county, and he has the authority to arrest offenders and bring them to the proper court. The sheriff is also authorized to call upon any person to aid him in order to keep the peace, to prevent crime, or to execute a warrant. 55 ILCS 5/3—6022 (West 1996); *People v. DeBlieck*, 181 Ill. App. 3d 600, 608, 537 N.E.2d 388, 394 (1989). According to state statutes and the common law, the sheriff has crime-prevention and law enforcement duties similar to those of local city police officers.

■ Pursuant to section 3—6015 of the Counties Code, sheriff's deputies who are duly appointed and qualified may perform any and all the duties of the sheriff. 55 ILCS 5/3—6015 (West 2000). It is undisputed that Poston and Gibbs were appointed as sheriff's deputies. They took the deputy sheriff's oath of office. Poston and Gibbs were sworn as deputies and were bound to perform the duties of the sheriff's office as assigned by the sheriff. The fact that they were assigned to the jail division at the time of their injuries did not strip them of their sworn duties. As duly appointed deputies, Poston and Gibbs could have been assigned to perform the patrol duties of the sheriff. Instead, they were assigned to the jail division and trained for that assignment. Moreover, deputies assigned to the jail division have no less a duty to detect and prevent crime and to enforce the law in the jail than do the patrol deputies in the field.

In suggesting a narrow construction of the term "law enforcement officer," defendant pointed to the Illinois Police Training Act and the Illinois Human Rights Act but apparently overlooked the Illinois Pension Code (40 ILCS 5/1—101 *et seq.* (West 2000)). Section 7—109.3(a)(1) of the Illinois Pension Code provides that a county sheriff and all deputies, other than special deputies, employed on a full-time basis in the office of the sheriff are "Sheriff's law enforcement employees." 40 ILCS 5/7—109.3(a)(1) (West 2000). For purposes of defining eligibility under the Illinois Pension Code, the Illinois legislature did not differentiate between deputies assigned to the jail division and those assigned to the patrol division. Full-time deputies, other than special deputies, are law enforcement officers regardless of the assignment.

In this case, defendant has not persuaded us that the legislature intended to differentiate, for purposes of defining eligibility under the

Act, between deputy sheriffs performing jail duties and those performing patrol duties. The trial court correctly determined that persons assigned to the position of "Jail-Correction Officer—Deputy Sheriff" are law enforcement officers and that Poston and Gibbs are eligible employees pursuant to section 1(a) of the Act. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

KUEHN and HOPKINS, JJ., concur.