NO. 4-05-0923     Filed: 6/2/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JEFF ALBEE, SHAWN ALBERT, DAVID GOODMAN,) Appeal from
JOHN HAMARA, DAVID HOOVER, CRAIG KURTH, ) Circuit Court of
JOEL LIVENGOOD, and RONNIE SHRIVER,      ) McLean County
      Plaintiffs-Appellees,            ) No. 04MR73
        v.                               )
THE CITY OF BLOOMINGTON, a Municipal     ) Honorable
Corporation,                             ) Charles G. Reynard,
      Defendant-Appellant.             ) Judge Presiding.
_____

      JUSTICE COOK delivered the opinion of the court:

      Plaintiffs, Jeff Albee, Shawn Albert, David Goodman,
John Hamara, David Hoover, Craig Kurth, Joel Livengood, and
Ronnie Shriver, were denied benefits under the Public Employee
Disability Act (Disability Act) (5 ILCS 345/1 (West 2002)) by
defendant, the City of Bloomington (City).  Plaintiffs and
defendant interpreted differently the period of time that the
officers were entitled to benefits under the Disability Act.
Plaintiffs filed an action for declaratory judgment and injunc-
tive relief, seeking to obtain judicial construction of the
Disability Act.  The trial judge construed the statute in plain-
tiffs' favor.  Defendant appeals.  We affirm.

I. BACKGROUND

      Plaintiffs are law-enforcement officers for the City
who have been injured in the line of duty.  Each plaintiff
returned to work prior to the one-year anniversary of their duty-
related injuries.  Because of those duty-related injuries, each
plaintiff subsequently missed work following the one-year anni-

versary of their duty-related injuries.

Before the one-year anniversary of their duty-related injuries, plaintiffs received full salary payments for the days of work that they missed according to the Disability Act (5 ILCS 345/1 (West 2002)). After the one-year anniversary of their duty-related injuries, plaintiffs were denied full salary payments under the Disability Act even though they continued to miss work due to the same duty-related injuries and even though none of the plaintiffs received an entire year's worth of full salary payments. Defendant determined that the Disability Act benefits only apply during the calendar year following the duty-related injury.

## II. ANALYSIS

Plaintiffs allege that they are entitled to one year's worth of the Disability Act benefits while they are unable to perform their duties because of injuries they suffered in the line of duty. Defendant claims that the City is obligated to pay the officers' salaries under the Disability Act for only one consecutive calendar year with the obligation ending on the one-year anniversary of plaintiffs' injuries regardless of whether the officer returned to work during that year.

As the issue is one of statutory construction, the standard of review is de novo. Advincula v. United Blood Services, 176 Ill. 2d 1, 12, 678 N.E.2d 1009, 1015 (1996). In interpreting the statute, we must "ascertain and give effect to the true intent and meaning of the legislature." Kraft, Inc. v.

<u>Edgar</u>, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990). The best evidence of the legislature's intent is the language of the statute and, where the language is clear and unambiguous, this court is bound by the plain meaning. <u>Kraft, Inc.</u>, 138 Ill. 2d at 189, 561 N.E.2d at 661. When the language of the statute is open to two possible interpretations, the interpretation that is reasonable and that will not produce "absurd, unjust, unreasonable[,] or inconvenient results" should prevail. <u>Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund</u>, 155 Ill. 2d 103, 110, 610 N.E.2d 1250, 1253 (1993). In determining the statute's meaning, we must look at the statute as a whole, considering all relevant parts. <u>Kraft, Inc.</u>, 138 Ill. 2d at 189, 561 N.E.2d at 661.

The applicable section of the Disability Act states:

"Whenever an eligible employee suffers any injury in the line of duty which causes him to be unable to perform his duties, he shall continue to be paid by the employing public entity on the same basis as he was paid before the injury, with no deduction from his sick[-]leave credits, compensatory time for overtime accumulations or vacation, or service credits in a public employee pension fund <u>during the time he is unable to perform his duties</u> due to the result of the

injury, <u>but</u> <u>not</u> <u>longer</u> <u>than</u> <u>one</u> <u>year</u> <u>in</u> <u>re-</u>
<u>lation</u> <u>to</u> <u>the</u> <u>same</u> <u>injury</u>."  (Emphasis added.)

5 ILCS 345/1(b) (West 2002).

The trial court determined that the Disability Act's one-year limit defined a maximum benefit rather than a statute of limitations.

There are arguments that favor a one-calendar-year limitation.  If the one-year limit is not the statute of limitations, what is the statute of limitations?  Could an officer work for 20 years after his injury and then claim that he had finally reached the stage where he was "unable to perform his duties" due to the injury?  "A limitations period encourages claimants to investigate and pursue causes of action and thereby discourages delay in the bringing of claims."  <u>Golla v. General Motors Corp.</u>, 167 Ill. 2d 353, 370, 657 N.E.2d 894, 902 (1995).  Under plaintiffs' interpretation, once an officer is injured he may claim that all absences from work, two- to three-day periods over a number of years, are due to that injury.  A determination that there is no limitations period may create uncertainty and doubt, where the legislature intended to promote predictability and finality.  <u>Golla</u>, 167 Ill. 2d at 370, 657 N.E.2d at 902.

Nevertheless, the statutory language addresses the period of incapacity.  Under section 1(b), the employee is entitled to continued pay "during the time he is unable to perform his duties."  5 ILCS 345/1(b) (West 2002).  That time, however, is limited to a period of one year.  The limitation is

4

on the time he is unable to perform.  The limitation is not on the calendar period following the injury.  Perhaps the legislature did not contemplate the situation where the period of incapacity would not be continuous, where the employee would return to work for a period and then be unable to work for another period.  The language of section 1(b), however, does seem to refer to the period of incapacity.  It is certainly possible that a person could be incapacitated for a period of time, return to work, and then be incapacitated for a subsequent period.

This interpretation is supported by other language in section 1, which refers to "the period for which continuing compensation is required" and "[d]uring this period of disability."  5 ILCS 345/1(c), (d) (West 2002).  The Disability Act never phrases the time period for which benefits are to be paid as one year from the date of the injury.

The Disability Act was enacted to "provide for a continuation of full pay for law[-]enforcement officers *** who suffer disabling injuries in the line of duty."  Gibbs v. Madison County Sheriff's Department, 326 Ill. App. 3d 473, 477, 760 N.E.2d 1049, 1052 (2001).  It would be contrary to the purposes of the Disability Act if an officer, injured in the line of duty, were penalized for making a good-faith attempt to return to work. An officer who was able to return to work for several months should not have his year of full compensation shortened for that reason.  Similarly, an officer who is able to return to work should not be given an incentive not to return, with the "use-it-

or-lose-it" argument that the year of continuing compensation begins to run immediately.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER, P.J., and McCULLOUGH, J., concur.