NOTICE

Decision filed 08/30/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190086-U

NO. 5-19-0086

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 06-CF-425 |
| | ) | |
| KRYSTA DONOHO, | ) | Honorable |
| | ) | Eric J. Dirnbeck, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order dismissing the defendant's petition for relief from judgment pursuant to 735 ILCS 5/2-1401(b-5) (West 2016) is affirmed where the plain language of the statute indicates that it only allows petitioners to seek relief two years after judgment of conviction and sentence is entered and where the defendant filed her petition for relief from judgment over two years after the underlying judgment was entered.

¶ 2    This is an appeal arising from an order of the circuit court of Jefferson County dismissing the petition for relief from judgment pursuant to section 2-1401(b-5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(b-5) (West 2016)) filed by the defendant, Krysta Donoho. For the reasons that follow, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4     The defendant was charged by indictment with first degree murder and robbery relating to events that occurred on July 1, 2006, which resulted in the death of the victim, Randy Farrar.  Following a jury trial, the defendant was convicted of first degree murder and robbery.  On March 18, 2008, the trial court sentenced the defendant to 45 years' imprisonment, to be followed by 3 years of mandatory supervised release.  Thereafter, the defendant appealed, arguing that (1) the State failed to prove her guilty of felony murder beyond a reasonable doubt, (2) the court failed to adequately inquire whether prospective jurors understood the principles of Illinois Supreme Court Rule 431(b) (eff. May 1, 2007), (3) the court abused its discretion by considering a factor inherent in the offense when rendering its sentence, and (4) she was entitled to additional credit against her DNA fine for time spent in presentence investigation.  See *People v. Donoho*, 2011 IL App (5th) 080354-U.  On November 18, 2011, this court affirmed the defendant's conviction and sentence.  *Id*. ¶¶ 36-37.

¶ 5     On September 4, 2012, the defendant filed her first *pro se* postconviction petition, raising only the issue of whether the trial court erred in failing to grant defense's motion for change of venue.  On November 29, 2012, the court dismissed the defendant's petition at the first stage.  The defendant appealed, but later voluntarily dismissed the appeal.

¶ 6     Meanwhile, the defendant filed a successive postconviction petition on August 11, 2014, raising several issues irrelevant to this appeal.  The trial court denied the successive petition on the grounds that the issues raised therein could have been raised either on direct appeal or in the first postconviction petition.  The defendant appealed, and this court

2

affirmed, concluding that the defendant had "failed to establish cause for not raising her ineffective assistance of trial counsel claims in her first postconviction petition," and, therefore, "failed to satisfy the cause-and-prejudice test." See *People v. Donoho*, 2018 IL App (5th) 140501-U, ¶¶ 20-21.

¶ 7 Relevant to this appeal, on December 6, 2017, the defendant filed a petition for relief from judgment pursuant to section 2-1401(b-5) of the Code (735 ILCS 5/2-1401(b-5) (West 2016)), which alleged that: (1) her participation in the murder and robbery of the victim on July 1, 2006, was related to her previously having been a victim of domestic violence as perpetrated by her intimate partner and codefendant, Demetrius Cole; (2) Cole was 10 inches taller than her, outweighed her by 100 pounds, routinely slapped, punched, and kicked her, made her afraid to stand up to him or try to leave him, and this domestic violence helped to explain and mitigate her conduct; (3) no evidence of domestic violence perpetrated against her was presented at her sentencing hearing; (4) because the mitigation statute for domestic violence victims (730 ILCS 5/5-5-3.1(a)(15) (West 2016)) became law on January 1, 2016, she was unaware of the mitigating nature of the evidence of domestic violence at the time of sentencing and could not have learned of its significance sooner through diligence; (5) the new evidence of domestic violence committed against her was material and noncumulative to other evidence offered at the sentencing hearing, and was of such a conclusive character that it would likely change the 45-year sentence imposed by the trial court; and (6) if the sentencing court had known how violently Cole treated her, the court likely would not have given her the same sentence that it gave him (45 years' imprisonment). The defendant requested an evidentiary hearing on her petition. Attached

3

to the petition was an affidavit from her sister, Cynthia Christian, who stated that when the defendant was dating Cole, he was almost always with the defendant and would not allow her to be alone, and that the defendant said she felt trapped in her relationship with Cole. On January 2, 2018, the State filed a motion to dismiss the defendant's petition arguing that it was not timely filed.

¶ 8   On May 4, 2018, the defendant filed a *pro se* "Reply Brief," which essentially quoted section 2-1401(b-5) (735 ILCS 5/2-1401(b-5) (West 2016)).  She also cited to case law relevant to the filing of postconviction petitions, rather than section 2-1401 petitions, and argued that petitioners have been allowed to file beyond the limitations deadline when their claims were based on changes in the law that were not announced until after the statutory deadline had passed.

¶ 9   On June 18, 2018, the State filed a "Reply to Defendant's Reply Brief," arguing, *inter alia*, that Public Act 99-384 (eff. Jan. 1, 2016), the enacting measure for subsection (b-5), expressed the legislative intent that the opportunity to reopen sentencing hearings based on the new law only extended to judgments less than two years old as of January 1, 2016, and if the legislature intended the provision to otherwise apply, it would have so stated.  The State requested that the trial court follow the body of law referenced and summarized in *People v. Hunter*, 2016 IL App (1st) 141904.  The State asserted that, as in this case, *Hunter* involved a statutory amendment that required consideration of newly enumerated factors in mitigation, the amendment contained an explicit effective date, and it did not apply retroactively.  As a result, the State requested that the trial court enter an order dismissing the defendant's petition as untimely.

4

¶ 10    On August 7, 2018, the trial court appointed counsel to represent the defendant. On February 5, 2019, the defendant's counsel filed a memorandum in support of the defendant's petition. Citing to a Cook County circuit court ruling announced from the bench on August 28, 2018 (*People v. Benford*, No. 95-CR-4733, Cir. Ct. Cook County) and an unpublished Rule 23 order from the Second District Appellate Court (*People v. Lee*, 2018 IL App (2d) 180004-U), counsel argued, *inter alia*, that since 2016, the interpretation of the amendment to section 2-1401(b-5) has divided the courts, causing a split over the retroactivity of the amendment. Counsel further asserted that "[t]he basis for the relief created by the amendment in subsection (b-5) is comparable to a legal disability or concealment because of the pre-existing legal prohibition on the presentation of domestic violence evidence," and that "a two-year limitation on petitions under subsection (b-5) should not be applied to this amendment." Therefore, counsel maintained that since the defendant filed her petition within two years of the passage of the 2016 amendment, the court should find that it was timely filed.

¶ 11    On February 5, 2019, a hearing was held on the State's motion to dismiss the defendant's petition. The State reiterated what it argued in its "Reply to Defendant's Reply Brief," that by choosing section 2-1401 of the Code as the vehicle to codify this change in the law, the legislature acted with knowledge of those consequences, and, therefore, it did not intend the domestic violence mitigation provision to be available for more than two years after sentencing. If the legislature intended the provision to apply retroactively, the State argued, it would have so stated "instead of including an effective date *** in a mechanism that has by itself a statutory two-year period." The defendant's counsel

essentially relied on the same arguments made in the memorandum. Upon hearing counsels' arguments, the trial court indicated that it would take the matter under advisement.

¶ 12    On February 19, 2019, the trial court granted the State's motion to dismiss the defendant's petition by docket entry. The court stated:

> "The Attorneys herein agree that there is no binding authority to guide this Court in its interpretation of 735 ILCS 2-1401(b-5) as it relates to the State's motion to dismiss defendant's 2-1401 Petition as untimely. Accordingly, the State's Motion to Dismiss must be decided by applying the rules of statutory construction. It should be noted that Supreme Court Rule 23(e)(1) makes it clear that an 'order entered under subpart (b) or (c) of [said] rule is not precedential and may not be cited by any party ...' (There are exceptions that follow that do not apply). The case of *People v. Lee*, 2018 IL App (2d) 180004-U is just such a case, *i.e.*, it was disposed of by the issuance of a Rule 23 Order. While the provisions of Rule 23 may prevent parties from citing such an opinion as precedent, this court has opted to refer to *People v. Lee* for the purpose of not having to 're-invent the wheel.' The facts, relevant procedural history and arguments in *People v. Lee* are very similar and this Court agrees with the analysis of the timeliness issue as stated by the Second District Appellate Court. Accordingly, the State's Motion to Dismiss is granted."

¶ 13    On February 26, 2019, the trial court entered a written order granting the State's motion to dismiss the defendant's petition for relief from judgment pursuant to section 2-1401(b-5) stating, in relevant part, that the petition "was not filed within the 2-year period provided for at 735 ILCS 5/2-1401(c)"; the defendant "was not under legal disability or duress during the applicable 2-year period"; "the grounds for relief were not fraudulently concealed from Defendant during the applicable 2-year period"; and "the provisions of 735 ILCS 5/2-1401(b-5) do not apply retroactively to the Defendant."

¶ 14    The defendant filed a notice of appeal on February 25, 2019, and an amended notice of appeal was filed on March 1, 2019.

¶ 15                                    II. ANALYSIS

¶ 16    The purpose of a section 2-1401 petition is to bring before the trial court facts not appearing in the record which, if known to the court at the time the judgment was entered, would have prevented entry of the judgment. *People v. Haynes*, 192 Ill. 2d 437, 463 (2000). Although a petition brought pursuant to the statute is usually characterized as a civil remedy, its remedial powers extend to criminal cases. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). A defendant may present a meritorious claim under section 2-1401(b-5) if she establishes that: (1) she was convicted of a forcible felony; (2) her participation in the offense was related to her being a victim of domestic violence; (3) no evidence of domestic violence was presented at the sentencing hearing; (4) she was unaware of the mitigating nature of the domestic violence and could not have learned of its significance sooner through diligence; and (5) the new evidence is material, noncumulative, and so conclusive that it likely would have changed the sentence. 735 ILCS 5/2-1401(b-5) (West 2016).

¶ 17    On appeal, the defendant contends that the trial court erred in dismissing her petition for relief from judgment as untimely because the limitations period was tolled until January 1, 2016, when section 2-1401(b-5) became law. An issue involving statutory interpretation is a question of law subject to *de novo* review. *Gibbs v. Madison County Sheriff's Department*, 326 Ill. App. 3d 473, 475 (2001). The primary goal of statutory interpretation is to ascertain and give effect to the true intent of the legislature. *Id*. at 476. The best evidence of legislative intent is the language of the statute itself. *Id*. "Where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction." *Krohe v. City of Bloomington*, 204 Ill. 2d 392,

7

395 (2003). If the statute is ambiguous, however, courts may look to other sources, such as legislative history, to ascertain the legislature's intent. *Id.* Nonetheless, when reviewing a statute, we presume that the legislature did not intend to create absurd, unjust, or inconvenient results. *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006). "Courts should consider a statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it and avoiding constructions which would render any term meaningless or superfluous." *Id.* Reviewing courts should not depart from the plain and unambiguous language of the statute by reading into it exceptions, conditions, or limitations that the legislature did not express. *Gibbs*, 326 Ill. App. 3d at 476.

¶ 18    Under section 2-1401(c), a petition for relief from a judgment must be filed no later than two years after the entry of the relevant order or judgment. 735 ILCS 5/2-1401(c) (West 2016). However, the time period during which a person seeking relief is under legal disability or duress, or the ground for relief is fraudulently concealed,[1] shall be excluded in calculating the two-year period. *Id.* In this case, it is undisputed that the defendant sought relief from a judgment that was entered in 2008, well over two years old. Nevertheless, she claims that she was under a legal disability until section 2-1401(b-5) took effect and should be exempted from the two-year limitations period.

¶ 19    The record in this case does not indicate that the defendant was under any cognizable legal disability. In fact, she has not alleged that she could not bring her claim because of incompetence, serious mental disorder, or minority. See *In re Doe*, 301 Ill. App. 3d 123,

---

[1]The defendant has not alleged that there was any duress or fraudulent concealment that prevented her from bringing her claim within the two-year period.

8

126-27 (1998); *In re Adoption of Rayborn*, 32 Ill. App. 3d 913, 915 (1975). Instead, the defendant contends that her "literal inability" to bring her claim because section 2-1401(b-5) was not enacted until January 1, 2016, and that "the legal basis for the claim had not yet come into existence," should be found equivalent to a legal disability. We disagree, as we find that the temporal limits of section 2-1401(c) would effectively be rendered meaningless if legal disability included the absence of a statute or amendment. See *Fisher*, 221 Ill. 2d at 112. To adopt the defendant's position would be to depart from the plain language of the statute and read into it an exception to the limitations period that the legislature did not express, which we cannot do. See *Gibbs*, 326 Ill. App. 3d at 476.

¶ 20    In support of her position, the defendant cites to *In re Marriage of Vanek*, 247 Ill. App. 3d 377, 378-80 (1993), a case that dealt with a petition for relief from judgment filed after a change in the law. However, we note that the portion of the *Vanek* decision that the defendant relies upon, that the absence of a legal basis for a claim amounts to a legal disability, constitutes *dicta* and is not controlling over our disposition of the present appeal. We also note that the *Vanek* decision was issued by the First District Appellate Court, which we are not bound to follow. See, *e.g.*, *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539 (1992) (a decision by an appellate court is not binding on the other appellate court districts). Further, we have found that the language of section 2-1401(c) is clear and unambiguous, and, as a result, we do not need to resort to case law, legislative history, or rules of statutory construction to aid in our interpretation of the statute. See *Krohe*, 204 Ill. 2d at 395; *Barrall v. Board of Trustees of John A. Logan Community College*, 2019 IL App (5th) 180284, ¶ 10.

9

¶ 21 Based on the foregoing, we find the plain language of section 2-1401 indicates that petitioners may only seek relief under subsection (b-5) two years after judgment of conviction and sentence is entered. As the defendant filed her petition for relief from judgment over two years after the underlying judgment was entered, the trial court did not err in dismissing the defendant's petition as untimely.

¶ 22                                     III. CONCLUSION

¶ 23 For the foregoing reasons, the judgment of the circuit court of Jefferson County is hereby affirmed.


¶ 24 Affirmed.