2021 IL App (2d) 191031
No. 2-19-1031
Opinion filed December 14, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07-CF-735 |
| NICOLE M. ABUSHARIF, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Zenoff and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Nicole M. Abusharif, appeals from the judgment of the circuit court of Du Page County dismissing as untimely her challenge, under section 2-1401(b-5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(b-5) (West 2016)), to her 50-year prison sentence. Because her petition was untimely under section 2-1401(c) of the Code (735 ILCS 5/2-1401(c) (West 2016)), we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     In 2009, defendant was convicted of the first-degree murder (720 ILCS 5/9-1(a)(1) (West 2006)) of her girlfriend and housemate, Rebecca Klein, and was sentenced to 50 years'

imprisonment. Defendant appealed, and we affirmed. See *People v. Abusharif*, No. 2-09-0799 (2011) (unpublished order under Illinois Supreme Court Rule 23).

¶ 4    On December 31, 2017, defendant, while incarcerated, mailed a *pro se* section 2-1401 petition to the trial court, seeking relief from her sentence. She relied on subsection (b-5), which was added to section 2-1401 effective January 1, 2016 (see Pub. Act 99-384, § 10 (eff. Jan. 1, 2016) (amending 735 ILCS 5/2-1401)). She claimed that she was entitled to a new sentencing hearing because her participation in the offense was related to her having been the victim of prior domestic violence and that such evidence was not presented at her sentencing. Appointed counsel amended the petition twice. Counsel attached defendant's affidavit, which stated, in part, that defendant had been in an intimate relationship with the victim, who had subjected her to physical and emotional abuse.

¶ 5    The State moved to dismiss, contending that (1) the petition was untimely, as it was filed beyond the two-year limitations period of section 2-1401(c) and no exception applied, and (2) defendant did not meet section 2-1401(b-5)'s substantive requirements because, though she averred in her supporting affidavit that she had suffered domestic abuse by an intimate partner, she did not aver that her participation in the offense was related to that abuse. The trial court found the petition untimely and granted the State's motion to dismiss. Defendant filed this timely appeal.

¶ 6                                    II. ANALYSIS

¶ 7    On appeal, defendant contends that (1) she was under a legal disability—and thus the limitations period of section 2-1401(c) was tolled—until section 2-1401(b-5) became effective on January 1, 2016; (2) under the mailbox rule, which applied to her while she was incarcerated, her petition was filed within two years of section 2-1401(b-5)'s effective date; and (3) her petition and affidavit pled a claim under section 2-1401(b-5). The State responds that (1) defendant was not

under a legal disability as defined in section 2-1401(c) merely because section 2-1401(b-5) did not become effective until January 1, 2016, (2) the mailbox rule did not apply to a section 2-1401 petition, and (3) defendant failed to aver in her affidavit that her participation in the charged offense was related to the alleged domestic violence.

¶ 8      Because it is dispositive, we address only the issue of whether defendant was under a legal disability that tolled the two-year limitations period under section 2-1401(c). She was not.

¶ 9      To the extent that it raises legal questions, we review *de novo* the dismissal of a section 2-1401 petition. *BMO Harris Bank, N.A. v. Malarz*, 2021 IL App (2d) 190984, ¶ 10. The propriety of the dismissal here involves an issue of statutory interpretation, which is a question of law. *Gibbs v. Madison County Sheriff's Department*, 326 Ill. App. 3d 473, 475 (2001). Consequently, our review is *de novo*.

¶ 10     The purpose of a section 2-1401 petition is to bring before the trial court facts not appearing in the record that, if known to the court when the judgment was entered, would have prevented the entry of the judgment. *People v. Haynes*, 192 Ill. 2d 437, 463 (2000). A defendant may present a meritorious claim under section 2-1401(b-5) if she establishes that (1) she was convicted of a forcible felony; (2) her participation in the offense was related to her being a victim of domestic violence perpetrated by an intimate partner; (3) no evidence of domestic violence was presented at her sentencing hearing; (4) she was unaware of the mitigating nature of the domestic violence when sentenced and could not have learned of its significance sooner through due diligence; and (5) the new evidence is material, noncumulative, and so conclusive that it likely would have changed the original sentence. 735 ILCS 5/2-1401(b-5) (West 2016).

¶ 11     Under section 2-1401(c), a petition for relief from a judgment must be filed no later than two years after the entry of the judgment. 735 ILCS 5/2-1401(c) (West 2016). However, the period

during which a person seeking relief is under a legal disability or duress, or the ground for relief is fraudulently concealed, shall be excluded in calculating the two years. 735 ILCS 5/2-1401(c) (West 2016).

¶ 12    Here, it is undisputed that defendant sought relief from her sentence well after two years from its imposition. More importantly, the record does not show that defendant was under a legal disability because of incompetence, serious mental disorder, or minority. See *In re Doe*, 301 Ill. App. 3d 123, 126-27 (1998); *In re Adoption of Rayborn*, 32 Ill. App. 3d 913, 915 (1975) (*per curiam*); *Morgan v. People*, 16 Ill. 2d 374, 376 (1959). Nor does she claim that she was. Rather, she asserts that she was under a legal disability until section 2-1401(b-5) took effect and, thus, the two-year limitations period was tolled during that time.

¶ 13    The Appellate Court, Fifth District, recently rejected such an argument. In *People v. Donoho*, 2021 IL App (5th) 190086-U, the appellate court addressed the issue of whether the defendant, who was sentenced in 2008, was under a legal disability until January 1, 2016, when section 2-1401(b-5) became effective. *Donoho*, 2021 IL App (5th) 190086-U, ¶ 19. In rejecting that argument, the *Donoho* court emphasized that the time limits of section 2-1401(c) would become meaningless if the definition of legal disability included the absence of a statute or an amendment. *Donoho*, 2021 IL App (5th) 190086-U, ¶ 19. The court added that to adopt the defendant's position would be to read into section 2-1401(c) an exception to the limitations period that the legislature never intended. *Donoho*, 2021 IL App (5th) 190086-U, ¶ 19.

¶ 14    We agree with the reasoning of *Donoho*. If legal disability included the absence of a statute or an amendment thereto, the time limits of section 2-1401(c) would be effectively eradicated.

¶ 15    Such an interpretation would also be entirely inconsistent with the intent of the legislature in enacting section 2-1401(b-5). The primary goal of statutory interpretation is to ascertain and

give effect to the true intent of the legislature. *Gibbs*, 326 Ill. App. 3d at 476. When reviewing a statute, we presume that the legislature did not intend absurd, unjust, or inconvenient results. *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006). Reviewing courts should not depart from the plain and unambiguous language of a statute by reading into it exceptions, conditions, or limitations that the legislature did not express. *Gibbs*, 326 Ill. App. 3d at 476.

¶ 16    We note that subsection (b-5) was adopted to implement section 5-5-3.1(a)(15) of the Unified Code of Corrections (730 ILCS 5/5-5-3.1(a)(15) (West 2016)), which added as a mitigating factor at sentencing that, "[a]t the time of the offense, the defendant is or had been the victim of domestic violence and the effects of the domestic violence tended to excuse or justify the defendant's criminal conduct." Thus, the legislature intended to allow certain defendants to seek relief after their sentences had been imposed. However, when it added subsection (b-5), the legislature did not specially exempt domestic-violence mitigation claims from the two-year limitations period in subsection (c). Further, the legislative history shows an intent to limit subsection (b-5)'s sentencing relief by the time constraints under subsection (c). Indeed, during the third reading of Senate Bill 209, Representative Mitchell stated that the amendments would give a sentencing judge the option to provide postjudgment relief for up to two years after sentencing. 99th Ill. Gen. Assem., House Proceedings, May 25, 2015, at 28-29 (statements of Representative Mitchell). He added that the amendments provided an option for only some prisoners in the system. 99th Ill. Gen. Assem., House Proceedings, May 25, 2015, at 29 (statements of Representative Mitchell). Those comments show a clear legislative intent to limit the relief under section 2-1401(b-5) to the two-year limitations period in section 2-1401(c).

¶ 17    Lastly, we note that defendant's reliance on *In re Marriage of Vanek*, 247 Ill. App. 3d 377 (1993), is misplaced. In *Vanek*, the Appellate Court, First District, held that the section 2-1401

petitioner was under a legal disability before the effective date of a federal statute allowing military pensions to be divided as part of a marriage dissolution. *Vanek*, 247 Ill. App. 3d at 380. In *Vanek*, unlike here, there had been a United States Supreme Court case affirmatively barring the division of such pensions. See *McCarty v. McCarty*, 453 U.S. 210 (1981). A Supreme Court case barring a certain action is different from the absence of statutory authority for such action. Further, we respectfully do not agree with the unsupported conclusion in *Vanek*. Finally, we are not obligated to follow a decision from another appellate district. See *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539 (1992).

¶ 18    Based on the reasoning of *Donoho* and the expressed intent of the legislature, we hold that defendant was under no legal disability that tolled the two-year limitations period for filing her section 2-1401 petition. Thus, we do not address the other issues in this appeal.

¶ 19                               III. CONCLUSION

¶ 20    For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 21    Affirmed.

---

**No. 2-19-1031**

---

| | |
|---|---|
| **Cite as:** | *People v. Abusharif*, 2021 IL App (2d) 191031 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 07-CF-735; the Hon. John J. Kinsella, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Rebecca I. Levy, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, of counsel), for the People. |

---