NOTICE
Decision filed 05/26/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200068-U

NO. 5-20-0068

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 06-CF-425 |
| | ) | |
| KRYSTA DONOHO, | ) | Honorable |
| | ) | Evan L. Owens, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court's denial of the defendant, Krysta Donoho's, petition to file a second successive petition for postconviction relief is affirmed where the defendant failed to satisfy the cause and prejudice test.

¶ 2   The defendant, Krysta Donoho, was convicted in Jefferson County of first degree felony murder and was sentenced to 45 years' imprisonment to be served at 100% and to be followed by 3 years of mandatory supervised release. On direct appeal, this court affirmed her conviction and sentence. See *People v. Donoho*, 2011 IL App (5th) 080354-U. Subsequently, the defendant filed her first *pro se* postconviction petition, but it was dismissed at the first stage. She appealed the dismissal but later voluntarily dismissed her appeal. She also filed a successive postconviction petition; the trial court construed this as a motion for leave to file a successive petition and dismissed the motion. This court affirmed the dismissal. See *People v. Donoho*, 2018 IL App

1

(5th) 140501-U.  On December 6, 2017, the defendant filed a petition for relief from judgment, which the trial court dismissed, and this court affirmed.  See *People v. Donoho*, 2021 IL App (5th) 190086-U.  Relevant to this appeal, the defendant filed a motion for leave to file a successive postconviction petition that is the subject of this appeal.  The trial court denied the defendant's motion.  For the reasons that follow, we affirm.

¶ 3                                        I. BACKGROUND

¶ 4      As the facts of this case have been iterated several times, we will state only those facts necessary for this appeal.  On December 5, 2019, the defendant filed a motion for leave to file a successive postconviction petition under section 122-1(f) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2018)).  In her motion, the defendant argued that she was given a *de facto* life sentence in violation of *Miller v. Alabama*, 567 U.S. 460 (2012), where none of the special mitigating factors of youth were considered at her sentencing hearing.  Therefore, she argued, her sentence violated the eighth amendment's prohibition of cruel and unusual punishments.  Attached to her motion was a successive petition for postconviction relief.  The petition argued that: (1) the sentence imposed on her was a *de facto* life sentence in violation of *Miller* and its progeny, (2) the cause and prejudice test required to file a successive petition for postconviction relief was satisfied as *Miller* was not available at the time of her sentencing and where it applied retroactively, and (3) her sentence violated both the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution.

¶ 5      In denying the defendant's motion, the trial court found the following via docket entry:

"The defendant was 20 years old at the time of the offense and received a 45 year sentence to the Illinois Department of Corrections on 3/18/2008 for the offense of Felony Murder. ***.

                                        * * *

        In defendant's motion for Leave to File Successive Post Conviction Petition (filed in December 2019), the defendant attempts to allege that she has satisfied the 'cause and

2

effect' test meaning, in part, that she could not have filed her new claims at the time she filed her original postconviction petition. ***

        ***

        Most importantly, the cases cited by the defendant do not constitute changes [in] the law that would likely lead to the defendant's requested relief or show that she was denied a substantive constitutional right. The decisions in *People v. Reyes* and *People v. Buffer* both involved defendants who were 16 years [of] age at the time of the commission of their offenses. The Illinois Supreme Court's decision in *People v. Miller*, 202 Ill[.] 2d 328, involved a [15-year-old] defendant. As such, the *Miller*, *Reyes*[,] and *Buffer* courts' determination of what constitutes '[*de facto*] natural life sentences' are inapplicable to this defendant who was 20 years old at the time of the murder of victim Randy Ferrar [*sic*].

        This court has reviewed the Pre-Sentence Investigation, the docket entry of the sentencing court from March 18, 2008. This court has also reviewed the transcript of the sentencing hearing in which the sentencing court considered the youth to the defendant and weighed the appropriate sentencing factors in determining the appropriate sentence for the defendant. The sentencing court considered, in part, a letter that was introduced at trial from the defendant in which the defendant compared her relationship with co-defendant Coles as a 'modern day Bonnie and Clyde.' The court found that this defendant was dangerous, had a history of violent behavior and was likely to re-offend. The sentencing hearing reflects that this defendant was appropriately sentenced in accordance with the law. In sum, the defendant has failed to show that she has been denied of a substantive constitutional right and would likely prevail on the merits of her claim if Leave to file the proposed successive Post Conviction is granted."

¶ 6    The defendant appeals.

¶ 7                              II. ANALYSIS

¶ 8    On appeal, the defendant argues that the trial court erred in denying her motion to file a successive postconviction petition where it found that she failed to satisfy the cause and prejudice test necessary for a successive filing. Specifically, she argues that she was prejudiced in her sentencing where the trial court failed to substantively consider her youth in crafting her sentence. For the reasons that follow, we find that the defendant cannot establish prejudice.

¶ 9    The Act provides a method for criminal defendants to assert that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2018). "A proceeding under the Act is a collateral attack on the judgment of conviction." *People*

3

*v. Wrice*, 2012 IL 111860, ¶ 47. Although our supreme court has made clear that the Act contemplates only one postconviction proceeding, its caselaw establishes two bases upon which the bar against successive proceedings will be relaxed: (1) a showing of cause and prejudice or (2) a claim of actual innocence. *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23.

¶ 10    When a defendant seeks to file a successive postconviction petition, she must first obtain leave of court. 725 ILCS 5/122-1(f) (West 2018). Leave of court may be granted only if defendant demonstrates "cause" for her failure to bring the claim in her initial postconviction proceeding and "prejudice" resulting therefrom. See *id*. (codifying the cause-and-prejudice test articulated in *People v. Pitsonbarger*, 205 Ill. 2d 444, 458-60 (2002)); *Wrice*, 2012 IL 111860, ¶ 48. A defendant shows cause by identifying an objective factor that impeded her ability to raise a specific claim in her initial postconviction petition. 725 ILCS 5/122-1(f) (West 2018); *Wrice*, 2012 IL 111860, ¶ 48. A defendant shows prejudice by demonstrating that the claim not raised in her initial postconviction petition so infected her trial that the resulting conviction or sentence violated due process. *Wrice*, 2012 IL 111860, ¶ 48. It is defendant's burden to establish a *prima facie* showing of cause and prejudice in order to be granted leave before further proceedings on her claims can follow (*People v. Bailey*, 2017 IL 121450, ¶ 24; *People v. Smith*, 2014 IL 115946, ¶ 30), and both elements must be satisfied for defendant to prevail (*People v. Guerrero*, 2012 IL 112020, ¶ 15). We review *de novo* a court's denial of a motion for leave to file a successive petition.

¶ 11    Here, the defendant committed the crime when she was 20 years old. As this court has previously found, a 20-year-old offender is an adult. See *People v. White*, 2020 IL App (5th) 170345, ¶ 20. We agree with the trial court that the defendant's reliance on *Miller* and its progeny is misguided. Our review of the record leads us to the same conclusion as the trial court in that the sentencing court properly considered the defendant's youthfulness, potential for rehabilitation,

and her propensity to reoffend. Therefore, we find that the court did not err in denying the defendant's motion for leave to file a second successive postconviction petition.

¶ 12                                    III. CONCLUSION

¶ 13    For the foregoing reasons, the order of the circuit court of Jefferson County denying the defendant's petition for leave to file a second successive postconviction petition is hereby affirmed.

¶ 14    Affirmed.