2024 IL App (4th) 230718

NO. 4-23-0718

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 5, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CHRISTOPHER BITNER and JOHN BROOKS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Tazewell County |
| Plaintiffs-Appellees, | ) | No. 18L120 |
| v. | ) | |
| THE CITY OF PEKIN, | ) | |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul E. Bauer, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court, with opinion.
Justices Harris and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiffs, Christopher Bitner and John Brooks, sued their former employer, defendant, the City of Pekin, seeking a declaratory judgment that defendant unlawfully withheld employment taxes and deducted sick and compensatory time from benefits they received pursuant to the Public Employee Disability Act (Disability Act) (5 ILCS 345/0.01 *et seq.* (West 2018)). The litigation culminated in cross-motions for summary judgment, and the circuit court entered summary judgment for plaintiffs.

¶ 2 On appeal, defendant provides four reasons why summary judgment for plaintiffs was improper: (1) the Disability Act does not prohibit employers from withholding employment taxes from employee benefits, (2) the five-year statute of limitations barred any claims predating November 2013, (3) as a union employee, Bitner was required to comply with the grievance

procedure included in the collective bargaining agreement (CBA), and (4) there was a genuine issue of material fact as to whether defendant made deductions from Bitner's sick and compensatory time. We reverse the circuit court's judgment and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        On November 13, 2018, plaintiffs initiated the underlying action by filing a two-count complaint against defendant, alleging defendant violated the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/1 *et seq.* (West 2018)) when it withheld employment taxes from Disability Act benefits and deducted accrued sick, compensatory, and vacation time from Bitner's benefits. Defendant moved to dismiss the complaint, arguing it failed to state a cause of action under the Wage Act. The circuit court granted the motion without prejudice and allowed plaintiffs to file an amended complaint. In July 2019, plaintiffs filed their first amended complaint. Defendant again filed a motion to dismiss, which the court granted.

¶ 5        On September 4, 2020, plaintiffs filed a second amended complaint, seeking a declaratory judgment. This is the subject of the instant appeal. Like the prior complaints, plaintiffs labeled their second amended complaint a class action. However, they never sought to certify the class. Plaintiffs again alleged defendants withheld employment taxes from Disability Act benefits and deducted sick, vacation, and compensatory time from Disability Act benefits. They requested the following relief:

> "Under the terms of the Illinois Code of Civil Procedure, 735
> ILCS 5/2-701 [(West 2018)], this Court is vested with the power to
> declare that Defendant unlawfully deducted accrued sick,
> compensatory or vacation time from the Benefits of Bitner and
> members of the Class after they suffered injuries in the line of duty.

Under the terms of the Illinois Code of Civil Procedure, 735 ILCS 5/2-701, this Court is vested with the power to declare that while Brooks and members of the Class were eligible for Benefits, Defendant improperly withheld Employment taxes from their benefits."

Defendant admitted it withheld employment taxes from Disability Act benefits but denied it deducted sick, vacation, or compensatory time from plaintiffs' benefits. Defendant raised two affirmative defenses—failure to exhaust contractual remedies and the statute of limitations. Defendant requested judgment in its favor.

¶ 6        In April 2023, the litigation culminated in dueling motions for summary judgment. Plaintiffs' motion outlined the undisputed facts in the case, namely, both Bitner and Brooks suffered injuries in the line of duty while employed by defendant. Both plaintiffs were unable to work due to their line-of-duty injuries. Brooks missed 80 hours of work in 2016. Due to his injury in 2011, Bitner missed 112 hours of work in 2011, 40 hours in 2012, 40 hours in 2013, and 20.67 hours in 2017. Plaintiffs' motion stated it was an undisputed fact that defendant withheld employment taxes from Brooks's and Bitner's Disability Act benefits. It likewise claimed it was an undisputed fact that defendant deducted sick, vacation, and compensatory time from Bitner's Disability Act benefits. Plaintiffs attached several exhibits to their summary judgment motion, including affidavits from Bitner and Brooks recounting when they were injured, the time they were off work due to the injuries, and the amount of money owed to each plaintiff.

¶ 7        Defendant's motion for summary judgment did not outline any facts, but defendant attached to it plaintiffs' answers to interrogatories, which outlined the time each plaintiff missed work due to line-of-duty injuries. Defendant also attached a worksheet categorizing Bitner's time

off work. Defendant also filed a response to plaintiffs' motion for summary judgment, to which defendant attached an affidavit from John V. Dossey, Pekin's chief of police. Dossey recounted Bitner's time off work in 2011 and when he was cleared to return to work on light duty in May 2012. Dossey averred, "The City has no record that any employee or officer of the city notified or instructed Bitner that his time off for his duty related injury would be deducted from his accrued vacation, sick, or compensatory time." Defendant also submitted a spreadsheet showing how Brooks and Bitner's time off was entered into defendant's time reporting software, Workforce. Defendant submitted notes clearing Bitner to return to work in May 2012 and a July 2012 notification that Bitner's workers' compensation benefit would be ending.

¶ 8 The circuit court held a hearing on the parties' cross-motions for summary judgment on July 13, 2023. After hearing brief arguments, the court said to the attorneys, "So what I'd like each of you to do is, since this could possibly end up in the Appellate Court and you're more versed in it than I am, each of you prepare an order as to how you think I should rule." The court said it would "look into some more stuff and I'm going to read your orders and then I'll enter the order which I think is most appropriate."

¶ 9 The circuit court adopted wholesale plaintiffs' proposed order, granting them summary judgment on July 20, 2023. The order's factual findings quoted plaintiffs' summary judgment motion and plaintiffs' affidavits verbatim, except the order included this new fact: "Defendant concedes it should not have withheld employment taxes, sick, vacation or compensatory time from Plaintiffs' [Disability Act] benefits." The order found, "Federal law is clear that [Disability Act] benefits are not income subject to withholding." The order found, "[The Disability Act] requires an injured employee 'to be paid on the same basis' as he was paid before the injury." The order concluded, "The 'basis' is his gross pay" because "[c]ommon sense so

dictates." The order concluded Bitner was not required to file a grievance pursuant to the CBA because "[t]he issue at hand is not a dispute involving the meaning, interpretation, or application of the CBA," but "[i]t is a dispute as to the meaning, interpretation and application of [the Disability Act]—a state statute." The order deemed the underlying action a breach of contract claim subject to a 10-year statute of limitations and, therefore, concluded "[p]laintiffs' claims are not barred by the statute of limitations." The order granted plaintiffs' motion and denied defendant's motion. It entered judgment for Bitner in the amount of $3211.92 and for Brooks in the amount of $767.20. It awarded plaintiffs prejudgment interest, costs, and attorney fees.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 Defendant challenges the circuit court's order as contrary to law, raising several reasons for reversing the judgment. We rephrase and restate the dispositive issues as follows: (1) whether the Disability Act prohibits employers from withholding employment taxes, (2) whether plaintiffs' claims are governed by a 5-year or 10-year statute of limitations, and (3) whether there exists a genuine issue of material fact to prohibit summary judgment. We address each issue in turn.

¶ 13 Section 2-1005(c) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005(c) (West 2022)), governs summary judgments, providing the circuit court must enter judgment where "the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333, 662 N.E.2d 397, 402 (1996) (citing Ill. Rev. Stat. 1989, ch. 110, ¶ 2-1005(c)). Our supreme court observed, "The purpose of summary judgment is to determine whether a question

- 5 -

of fact exists." *Busch*, 169 Ill. 2d at 333. Typically, "[w]hen parties file cross-motions for summary judgment," as is the case here, "they agree that only a question of law is involved and invite the court to decide the issues based on the record." *Pielet v. Pielet*, 2012 IL 112064, ¶ 28, 978 N.E.2d 1000. The parties' view of the facts, however, is not binding on the courts, meaning "the mere filing of cross-motions for summary judgment does not establish that there is no issue of material fact, nor does it obligate a court to render summary judgment." *Pielet*, 2012 IL 112064, ¶ 28. So, even when considering cross-motions for summary judgment, our *de novo* review still requires us to examine the record to determine if there exists a genuine issue of material fact. *Herman v. Power Maintenance & Constructors, LLC*, 388 Ill. App. 3d 352, 360, 903 N.E.2d 852, 859 (2009). "An issue is 'genuine' if the record contains evidence to support the position of the nonmoving party." *Herman*, 388 Ill. App. 3d at 360 (citing *Caponi v. Larry's 66*, 236 Ill. App. 3d 660, 670, 601 N.E.2d 1347, 1354 (1992)).

¶ 14                                    A. The Disability Act

¶ 15        Here, the parties primarily frame their dispute as a legal question of interpreting the Disability Act's language. In particular:

> "Whenever an eligible employee suffers any injury in the line of duty which causes him to be unable to perform his duties, he shall continue to be paid by the employing public entity *on the same basis as he was paid before the injury*, with no deduction from his sick leave credits, compensatory time for overtime accumulations or vacation, or service credits in a public employee pension fund during the time he is unable to perform his duties due to the result

of the injury, but not longer than one year in relation to the same injury." (Emphasis added.) 5 ILCS 345/1(b) (West 2018).

The parties place the phrase "on the same basis as he was paid before the injury" at the center of this dispute. Specifically, does it prohibit an employer from withholding employment taxes? Plaintiffs answer yes, while defendant answers no.

¶ 16 Resolving this dispute requires statutory construction, which means "[t]he act or process of interpreting" or explaining the meaning of a statute. Black's Law Dictionary (11th ed. 2019). Because "[t]he interpretation of a statute is a matter of law, *** we review the trial court's decision *de novo*" (*Village of Chatham v. County of Sangamon*, 351 Ill. App. 3d 889, 894, 814 N.E.2d 216, 222 (2004)), meaning we owe no deference to the trial court's interpretation or decision—or in this case, the plaintiffs' proposed decision, which the trial judge signed.

¶ 17 "It is well established that [our] primary objective *** when construing the meaning of a statute is to ascertain and give effect to the legislature's intent." *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04, 732 N.E.2d 528, 535 (2000). We look first to the statute's language because it is "the most reliable indicator of the legislature's objectives in enacting a particular law." *Michigan Avenue National Bank*, 191 Ill. 2d at 504. Put differently, the specific words the legislature chose to use are the best evidence of legislative intent. See *Laborer's International Union of North America, Local 1280 v. Illinois State Labor Relations Board*, 154 Ill. App. 3d 1045, 1058, 507 N.E.2d 1200, 1209 (1987) ("[T]he specific words of the statute are the best indicators of the legislative intent behind the enactment."). When interpreting a statute, we "view all provisions of an enactment as a whole," taking care not to isolate words and phrases but reading them "in light of other relevant provisions of the statute." *Michigan Avenue National Bank*, 191 Ill. 2d at 504. We give the statute's words their plain, ordinary meanings, and

if the "language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction." *Michigan Avenue National Bank*, 191 Ill. 2d at 504.

¶ 18    The Disability Act "was enacted in 1973 and was intended to provide for a continuation of full pay for law enforcement officers, corrections officers, firefighters, and state employees who suffer disabling injuries in the line of duty." *Gibbs v. Madison County Sherriff's Department*, 326 Ill. App. 3d 473, 477, 760 N.E.2d 1049, 1052 (2001). It provides that when an eligible employee suffers a line-of-duty injury and cannot work,

> "he shall continue to be paid by the employing public entity *on the same basis as he was paid before the injury*, with no deduction from his sick leave credits, compensatory time for overtime accumulations or vacation, or service credits in a public employee pension fund during the time he is unable to perform his duties due to the result of the injury." (Emphasis added.) 5 ILCS 345/1(b) (West 2018).

Based on the statute's plain language and the context, we do not understand "on the same basis as he was paid before the injury" as a prohibition on withholding employment taxes from an eligible employee's pay. Such an understanding would introduce a concept otherwise absent from the Disability Act—taxes. To be sure, looking at the Disability Act's plain language and the statute as a whole, we see no express mention of employment taxes or tax withholdings. See *Michigan Avenue National Bank*, 191 Ill. 2d at 504. In section 1(b) particularly, after the Disability Act states an eligible employee must be paid "on the same basis as he was paid before the injury," it immediately lists improper deductions—sick leave credits, accrued vacation and compensatory time, or service credits. 5 ILCS 345/1(b) (West 2018). These categories are not taxes, nor are they comparable to employment taxes. They relate to categories under which an employee's work could be classified and compensated. Considering the Disability Act as a whole, as well as the specific

- 8 -

words used, we understand section 1(b)'s plain language to mean an eligible employee must be paid as if he was still working his normal hours, either part- or full-time, without having to use any sick leave credits, compensatory or vacation time, or service credits. See *Laborer's International Union of North America, Local 1280*, 154 Ill. App. 3d at 1058 (stating the statute's specific words best indicate legislative intent); *Michigan Avenue National Bank*, 191 Ill. 2d at 504 (explaining we look at a statute as a whole).

¶ 19    Drawing on various sections in Title 26 of the Code of Federal Regulations (26 C.F.R. § 1.0-1 *et seq.* (2022)) and published guidance from the Internal Revenue Service, plaintiffs argue "on the same basis" means an "employee's gross pay or 100% of the normal salary." We disagree. This interpretation requires us to isolate one phrase from the Disability Act, "on the same basis," then go outside the Disability Act's text to interpret the phrase's meaning, then return to the Disability Act to understand the statute on the whole, and finally harmonize it with federal regulations. This approach borders absurdity. Plus, it contradicts well-established statutory construction principles. See *Michigan Avenue National Bank*, 191 Ill. 2d at 504 (stating we will not isolate words and phrases but will consider the whole statute). The Disability Act's plain language is unambiguous. The meaning is clear. Accordingly, we need not look elsewhere to understand the legislature's intent. The Disability Act contains no mention of taxes or anything comparable to taxes. The Disability Act does not prohibit an employer from withholding employment taxes from an employee's benefits. Other statutes or regulations may prohibit tax withholding from disability benefits. Indeed, plaintiffs' briefing makes a good argument for that conclusion. But they did not seek relief nor judgment under those statutes or regulations. This narrow declaratory judgment case is about interpreting the Disability Act, so plaintiffs' ambitious argument is misplaced.

¶ 20        Because we conclude the Disability Act does not prohibit an employer from withholding employment taxes from an eligible employee's benefits, the circuit court erred in granting plaintiffs summary judgment on their claims relating solely to taxes. Bitner's claims involving his sick, vacation, and compensatory time deductions merit further analysis because the Disability Act undoubtedly prohibits deductions from such benefits.

¶ 21                           B. The Statute of Limitations

¶ 22        The parties next spar over the applicable statute of limitations. Defendant argues the five-year statute of limitations applies and bars Bitner's claims dated before November 2013. Plaintiffs maintain a 10-year statute of limitations applies and does not bar any claims. We agree with defendant.

¶ 23        The Disability Act does not contain a statute-of-limitations provision. Section 13-205 of the Code provides "all civil actions not otherwise provided for[ ] shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2018). By contrast, section 13-206 of the Code provides for a 10-year statute of limitations cause of actions on written contracts, like CBAs. See 735 ILCS 5/13-206 (West 2018).

¶ 24        Plaintiffs maintain they brought a breach of contract claim against defendant. They reason that because the CBA required defendant to "comply with the [Disability Act] regarding on-duty claims," their declaratory judgment action involving the Disability Act's meaning amounts to a breach of contract action. Yet plaintiffs also argue they need not adhere to the contract by filing a grievance under the CBA before seeking relief in the circuit court. This dissonance is deafening. On one hand plaintiffs emphasize the importance of the CBA, and on the other they minimize the CBA. Plaintiffs cannot prevail on both claims.

¶ 25 The second amended complaint does not reference the CBA. This case centers on the Disability Act's meaning, not the CBA. The relief plaintiffs sought—declaratory judgment on whether the Disability Act prohibits tax withholding—depends entirely on the Disability Act. We need not interpret the CBA. This is why we agree with plaintiffs that Bitner was not required to file a grievance pursuant to the CBA. See *Kostecki v. Dominick's Finer Foods, Inc., of Illinois*, 361 Ill. App. 3d 362, 369-70, 836 N.E.2d 837, 843 (2005) (finding a court must determine whether the claim is governed by the contract to ascertain whether a dispute is subject to an applicable CBA). But, more importantly, plaintiff Brooks was not a union employee and not subject to the CBA. He could not bring a breach of contract claim via the CBA. We cannot construe plaintiffs' pleading as a breach of contract claim. The only claim universal to both plaintiffs and the hopeful future class is the declaratory judgment claim relating to the Disability Act. For these reasons, we conclude plaintiffs' second amended complaint seeking a declaratory judgment on whether the Disability Act prohibited defendant from withholding employment taxes from benefits and whether defendant unlawfully deducted from Bitner's accrued sick, compensatory, or vacation time falls under section 13-205 of the Code's catchall five-year statute of limitations for civil actions that do not have an otherwise applicable limitations period. See 735 ILCS 5/13-205 (West 2018).

¶ 26 C. Genuine Issue of Material Fact

¶ 27 Finally, defendant contends genuine issues of material fact precluded summary judgment on the remaining claim. Specifically, defendant contests plaintiffs' assertion it unlawfully deducted Bitner's sick, compensatory, or vacation time from his Disability Act benefits. Again, we agree.

¶ 28    Summary judgment cannot be entered if there remains a genuine issue of material fact in the case. 735 ILCS 5/2-1005(c) (West 2022); *Busch*, 169 Ill. 2d at 333. Recall, "[a]n issue is 'genuine' if the record contains evidence to support the position of the nonmoving party." *Herman*, 388 Ill. App. 3d at 360. Bitner's affidavit claimed "[d]efendant also required [him] to use [his] sick, vacation and compensatory time" for work hours he missed due to his 2011 injury. Bitner averred, "Defendant's mandated use of vacation and compensatory time totaled $2,160.38." Defendant disputed these claims and used Dossey's affidavit to refute them. Dossey noted Bitner was released to return to work on light duty in May 2012. He further noted, "Officers are not required to use [on-the-job injury] or any accrued leave time for days they report to work for light duty. Light duty days are entered in Workforce and paid as regular Hourly time." Finally, Dossey's averred defendant had "no record that any employee or officer of the City notified or instructed Bitner that his time off for his duty related injury would be deducted from his accrued vacation, sick or compensatory time." Perhaps there is no better example of a contested fact issue than dueling affidavits.

¶ 29    Because the record contains evidence to support defendant's position, there is a genuine issue of material fact. See *Herman*, 388 Ill. App. 3d at 360. Consequently, we conclude the circuit court wrongly entered summary judgment for plaintiffs. See *Busch*, 169 Ill. 2d at 333.

¶ 30                               III. CONCLUSION

¶ 31    For the reasons stated, we reverse and remand this matter to the circuit court for further proceedings.

¶ 32    Reversed; cause remanded.

- 12 -

*Bitner v. City of Pekin*, 2024 IL App (4th) 230718

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Tazewell County, No. 18-L-120; the Hon. Paul E. Bauer, Judge, presiding. |
| **Attorneys for Appellant:** | Christopher H. Sokn, of Kingery Durree Wakeman & O'Donnell, Associates, of Peoria, for appellant. |
| **Attorneys for Appellee:** | Julie L. Galassi and Siobhan L. Smith, of Hasselberg, Rock, Bell & Kuppler, LLP, of Peoria, for appellees. |