**2025 IL 131039**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 131039)

CHRISTOPHER BITNER *et al.*, Appellants, v. THE CITY OF PEKIN, Appellee.

*Opinion filed September 18, 2025.*

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, Rochford, and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1    At issue in this appeal is whether section 1(b) of the Illinois Public Employee Disability Act (Disability Act) (5 ILCS 345/1(b) (West 2018)) prohibits a public employer from withholding employment taxes from payments made to an injured employee under that provision. The appellate court concluded that it does not. 2024 IL App (4th) 230718. For the reasons that follow, we affirm the judgment of the

appellate court.

¶ 2                                    BACKGROUND

¶ 3        The plaintiffs, Christopher Bitner and John Brooks, were injured in the line of
duty in separate incidents while working as police officers for the defendant, the
City of Pekin. Following their injuries, both Bitner and Brooks received payments
from the defendant pursuant to section 1(b) of the Disability Act (5 ILCS 345/1(b)
(West 2018)). That provision states:

       "Whenever an eligible employee suffers any injury in the line of duty which
       causes him to be unable to perform his duties, he shall continue to be paid by
       the employing public entity on the same basis as he was paid before the injury,
       with no deduction from his sick leave credits, compensatory time for overtime
       accumulations or vacation, or service credits in a public employee pension fund
       during the time he is unable to perform his duties due to the result of the injury,
       but not longer than one year in relation to the same injury." *Id.*

¶ 4        During the time the plaintiffs were injured and unable to perform their duties,
the defendant continued to pay the plaintiffs' salaries in the same manner it did
before the injuries occurred. This meant that the defendant continued to withhold
the plaintiffs' employment taxes, including federal and state income taxes, Social
Security taxes, and Medicare taxes.

¶ 5        On November 13, 2018, the plaintiffs filed a two-count, class-action complaint
against the defendant in the circuit court of Tazewell County on behalf of
themselves and other similarly situated employees of the defendant.[1] Count I of the
complaint alleged that the defendant violated the Illinois Wage Payment and
Collection Act (Wage Act) (820 ILCS 115/1 *et seq.* (West 2018)) when it withheld
employment taxes from the payments made to the plaintiffs under section 1(b) of

---

[1]Each of the complaints filed by the plaintiffs in the circuit court was styled as a class
action. However, the plaintiffs never sought to certify the class at any point, and the circuit
court never made any rulings with respect to the issue of class certification. We therefore
treat this case as a lawsuit brought solely by the individual plaintiffs, Bitner and Brooks.

the Disability Act. Count II alleged that the defendant improperly required the plaintiffs to use previously accrued sick, vacation, or compensatory time while they were injured and off duty and that this action also violated the Wage Act.

¶ 6    The trial court dismissed the plaintiffs' complaint, finding that relief was unavailable under the Wage Act because the payments received by the plaintiffs under section 1(b) of the Disability Act did not qualify as wages or compensation within the meaning of the Wage Act. The plaintiffs subsequently filed an amended complaint, which again alleged violations of the Wage Act. That complaint was also dismissed.

¶ 7    On September 4, 2020, the plaintiffs filed a second amended complaint. In that complaint, which is the subject of this appeal, the plaintiffs removed all references to the Wage Act. Instead, the plaintiffs sought a declaratory judgment (see 735 ILCS 5/2-701 (West 2018)) that the defendant violated section 1(b) of the Disability Act when it withheld employment taxes from the plaintiffs' disability payments and deducted from the plaintiffs' accrued sick, vacation, or compensatory time.

¶ 8    The defendant filed an answer to the second amended complaint in which it admitted that it withheld employment taxes from the plaintiffs' Disability Act payments but denied that it required the plaintiffs to use any of their accrued sick, vacation, or compensatory time while they were injured and off duty. The defendant also raised two affirmative defenses related specifically to Bitner. First, the defendant argued that Bitner was subject to the terms of a collective bargaining agreement and that he had failed to exhaust his contractual remedies under the agreement's grievance procedure before filing his complaint. Second, the defendant argued that claims brought under the Disability Act fall within the five-year statute of limitations set forth in section 13-205 of the Code of Civil Procedure (735 ILCS 13/205 (West 2018)), which applies to "all civil actions not otherwise provided for." The defendant noted that Bitner was injured in 2011 and had missed short periods of work over the following several years. The defendant maintained that any of Bitner's claims that accrued before November 2013, or five years before his initial complaint was filed, were untimely.

¶ 9    In April 2023, the plaintiffs filed a motion for summary judgment in which they maintained they were entitled to judgment as a matter of law on their claims that the defendant violated section 1(b) of the Disability Act. Attached to the motion

were supporting affidavits from both Bitner and Brooks. In his affidavit, Bitner stated that he was injured on the job in 2011 and that he was unable to work 112 hours in 2011, 40 hours in 2012, 40 hours in 2013, and 20.67 hours in 2017. Bitner also stated that the defendant withheld $1,105.45 in employment taxes from the payments made to him while he was injured and off work and that the defendant's "mandated use of vacation and compensatory time totaled $2,160.38."

¶ 10 Brooks stated in his affidavit that he was injured on the job in 2016 and that he was unable to work 80 hours. He also stated that the defendant withheld $767.20 in employment taxes. Brooks did not state that the defendant deducted any of his sick, vacation, or compensatory time.[2]

¶ 11 In their motion for summary judgment, the plaintiffs argued that section 1(b) of the Disability Act prohibits the withholding of employment taxes and, in support, pointed primarily to federal law. The plaintiffs noted that, under section 104(a)(1) of the Internal Revenue Code of 1986 (26 U.S.C. § 104(a)(1) (2018)), amounts received as compensation for personal injuries or sickness under workers' compensation acts do not constitute gross income. The plaintiffs acknowledged that the Disability Act is not a workers' compensation act but noted that, under federal regulations, the Internal Revenue Service (IRS) excludes from gross income payments received under statutes that are "in the nature of" workers' compensation acts. See 26 C.F.R. § 31.3121(a)(2)-1(d)(1) (2017). According to the plaintiffs, the Disability Act was "in the nature of" a workers' compensation act and, therefore, it followed that payments received under section 1(b) are not income subject to federal withholding.

¶ 12 In their motion, the plaintiffs did not cite any IRS ruling that holds specifically that payments received under section 1(b) of the Disability Act are excluded from gross income. Nor did the plaintiffs identify any federal law or regulation that prohibits public employers from withholding employment taxes from disability payments made under section 1(b). Nevertheless, the plaintiffs maintained that, to be consistent with federal law, section 1(b) had to be read as prohibiting the withholding of employment taxes and that section 1(b)'s requirement that injured

[2]Following the submission of Brooks's affidavit, only Bitner pursued the claim that the defendant improperly deducted sick, vacation, or compensatory time.

employees be paid "on the same basis" as they were before being injured had to mean that the employees receive their pay without any withholding.

¶ 13        Bitner also asserted in the motion for summary judgment that it was undisputed that the defendant deducted from his accrued sick, vacation, or compensatory time. Further, according to Bitner, he was not obligated to follow the grievance procedure in his collective bargaining agreement because the dispute in this case centered on the meaning and application of section 1(b), not the agreement. Finally, Bitner argued that the relevant statute of limitations was the 10-year statute of limitations for claims on written contracts set forth in section 13-206 of the Code of Civil Procedure (735 ILCS 5/13-206 (West 2018)). Bitner maintained that this was so because the defendant breached the collective bargaining agreement when it failed to comply with section 1(b) of the Disability Act.

¶ 14        The defendant filed a response to the plaintiffs' motion for summary judgment and filed a cross-motion for summary judgment. In these documents, the defendant argued that there is nothing in the plain language of section 1(b) that prohibits the withholding of employment taxes from disability payments. The defendant further argued that the phrase "on the same basis" in section 1(b) simply means that the injured employee continues to be paid and employment taxes continue to be withheld, just as they were before the disabling injury occurred.

¶ 15        The defendant also raised an additional argument regarding the plaintiffs' ability to recover any amounts withheld by the defendant. The defendant maintained that, even if it wrongfully withheld employment taxes in violation of section 1(b), the plaintiffs' sole remedy was to seek a refund of the improperly withheld taxes from the IRS. The defendant noted that, under section 7422(a) of the Internal Revenue Code of 1986 (26 U.S.C. § 7422(a) (2018)), no suit or proceeding can be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, until a claim for refund or credit has been duly filed. In this case, the plaintiffs never sought a refund from the IRS, and thus, according to the defendant, the plaintiffs were barred from seeking relief from the defendant.

¶ 16        The defendant also repeated the arguments that Bitner's claims failed because he did not file a grievance as required by the collective bargaining agreement and that the applicable statute of limitations was 5 years, not 10. Finally, the defendant

submitted an affidavit from John V. Dossey, the defendant's chief of police. In that affidavit, Dossey averred that "[the defendant] has no record that any employee or officer of the city notified or instructed Bitner that his time off for his duty related injury would be deducted from his accrued vacation, sick, or compensatory time."

¶ 17 On July 13, 2023, the circuit court held a brief hearing on the parties' cross-motions for summary judgment. At the conclusion of the hearing, the court instructed the attorneys to draft orders and then stated that it would "enter the order which I think is most appropriate." Thereafter, the circuit court adopted the plaintiffs' proposed order, granting them summary judgment on July 20, 2023.

¶ 18 In its order, the circuit court concluded that section 1(b) of the Disability Act prohibits a public employer from withholding employment taxes. The court found that, under federal law, payments made under section 1(b) "are not income subject to withholding." The circuit court then concluded that section 1(b)'s requirement that an injured employee be paid "on the same basis" as he was before the injury meant that he must receive his "gross pay" because "[c]ommon sense so dictates."

¶ 19 Without making any reference to Dossey's affidavit, the circuit court also found that the defendant had "concede[d]" it should not have deducted Bitner's vacation or compensatory time. The circuit court further concluded that Bitner was not required to file a grievance pursuant to the collective bargaining agreement because "[t]he issue at hand is not a dispute involving the meaning, interpretation, or application" of the collective bargaining agreement but "[i]t is a dispute as to the meaning, interpretation and application of [the Disability Act]—a state statute." The circuit court then went on, however, to deem Bitner's action a breach of contract claim, subject to the 10-year statute of limitations, because the defendant failed to comply with the collective bargaining agreement when it violated section 1(b) of the Disability Act. The court therefore concluded that none of Bitner's claims were untimely.

¶ 20 Finally, the circuit court found that any amounts withheld by the defendant were not taxes, even if the defendant had treated them as such and had remitted those amounts to the IRS. Thus, according to the court, the plaintiffs were not required to seek a refund or recovery from the IRS. The circuit court entered judgment for Bitner in the amount of $3,211.92 and for Brooks in the amount of $767.20. The court also awarded the plaintiffs prejudgment interest, costs, and attorney fees.

¶ 21    On appeal, the appellate court reversed and remanded the case to the circuit court. 2024 IL App (4th) 230718, ¶ 2. The appellate court noted that section 1(b) specifically prohibits public employers from deducting sick, vacation, and compensatory time but that the statute says nothing about taxes and nothing about prohibiting the withholding of employment taxes. *Id.* ¶ 18. The appellate court also rejected the plaintiffs' reliance on various federal laws and regulations, stating that it would be improper for the court to refer to those authorities, because doing so would require the court to go outside the text of section 1(b) in order to interpret it. *Id.* ¶ 19. The appellate court determined that, based on the plain language of the statute, section 1(b) does not prohibit the withholding of employment taxes. *Id.* Based on this reading of section 1(b), the appellate court concluded that the circuit court erred in granting summary judgment in favor of the plaintiffs on their claim that the defendant improperly withheld employment taxes. *Id.* ¶ 20. Because the appellate court reversed the judgment of the circuit court on this basis, the appellate court did not reach the defendant's additional argument that, even if its withholding of employment taxes violated section 1(b), the plaintiffs' only remedy was to seek a refund of the improperly withheld taxes from the IRS.

¶ 22    With respect to the applicable statute of limitations, the appellate court noted the "dissonance" between, on the one hand, Bitner's claim that he was not required to file a grievance because the issue in this case concerned the meaning of a statute and, on the other hand, his claim that the 10-year statute of limitations for breach of contracts applied because the defendant violated the collective bargaining agreement. *Id.* ¶ 24. The appellate court observed that these positions could not both be true and held that, because this case centered on the meaning and application of section 1(b), the five-year statute of limitations contained in section 13-205 of the Code (735 ILCS 5/13-205 (West 2018)) applied. 2024 IL App (4th) 230718, ¶ 25. Because this case did not involve a breach of contract claim under the collective bargaining agreement, the appellate court also concluded that Bitner was not required to file a grievance. *Id.*

¶ 23    Lastly, the appellate court found there was a genuine issue of material fact as to whether the defendant deducted any of Bitner's sick, vacation, or compensatory time because Bitner's and Dossey's affidavits gave conflicting accounts on the question. *Id.* ¶ 28. Accordingly, the appellate court held that the circuit court erred

in granting summary judgment in favor of Bitner on his claim and remanded the cause to the circuit court for further proceedings. *Id.* ¶¶ 29-31.

¶ 24　　　We granted the plaintiffs' petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Dec. 7, 2023). We allowed the Illinois Municipal League to file an *amicus curiae* brief in support of the defendant's position. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 25　　　　　　　　　　　　　　　ANALYSIS

¶ 26　　　Before this court, the plaintiffs do not challenge the appellate court's conclusion that the five-year statute of limitations applies to their claims. Nor does Bitner contest the appellate court's holding that there is a disputed question of material fact as to whether the defendant deducted any of Bitner's sick, vacation, or compensatory time. Instead, in this appeal, the plaintiffs argue only that the appellate court erred in its interpretation of section 1(b).

¶ 27　　　The plaintiffs point to a general statement, taken from *Gibbs v. Madison County Sheriff's Department*, 326 Ill. App. 3d 473, 477 (2001), that section 1(b) provides for the "continuation of full pay." The plaintiffs then contend that the phrase "full pay"—which does not appear in section 1(b)—is ambiguous. According to the plaintiffs, "full pay" could mean one of three different things: gross pay (the same pay the employee received while working, but with no withholding or deductions of any sort); net pay (the same pay the employee received while working, with the same withholding and deductions); or what the plaintiffs refer to as "gross pay less required deductions" (where "required deductions" refers to such things as union dues, pension contributions, and insurance premiums, but *not* the withholding of employment taxes). The plaintiffs maintain the phrase "full pay" means "gross pay minus required deductions" and, therefore, that the defendant violated section 1(b) when it withheld employment taxes. We disagree.

¶ 28　　　Determining the meaning of section 1(b) presents an issue of statutory construction. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Mercado v. S&C Electric Co.*, 2025 IL 129526, ¶ 20. "When determining legislative intent, the starting point always is the language of the statute, which is the most reliable indicator of the legislature's objectives in enacting the particular law." *In re D.D.*, 196 Ill. 2d 405, 419 (2001). We therefore

begin our analysis not with the term "full pay," which appears nowhere in section 1(b), but with the language of the statute itself.

¶ 29    Section 1(b) states, in relevant part, that an eligible employee who has suffered an injury in the line of duty that renders him unable to perform his duties "shall continue to be paid by the employing public entity on the same basis as he was paid before the injury, with no deduction from his sick leave credits, compensatory time for overtime accumulations or vacation." 5 ILCS 345/1(b) (West 2018). The phrase "on the same basis" clearly means that an injured employee is to be paid from the regular payroll in the same manner as if the employee was on duty and in active service. Thus, if a public employer withheld employment taxes from an employee's pay before an injury, it may continue to do so after the injury in order to maintain payment "on the same basis" as before the injury.

¶ 30    Moreover, section 1(b) expressly prohibits public employers from deducting sick leave credits, compensatory time for overtime accumulations or vacation, or service credits in a public employee pension fund. Yet, the statute says nothing about prohibiting the withholding of employment taxes. Under the maxim of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of any another), section 1(b)'s listing of particular prohibitions is an implied exclusion of all others. See *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738, ¶ 17. Accordingly, nothing in the plain language of the statute prohibits public employers from withholding employment taxes from disability payments made under section 1(b).

¶ 31    The plaintiffs maintain, however, that the statute cannot be read as allowing the withholding of employment taxes. Citing *In re D.F.*, 208 Ill. 2d 223, 230 (2003), the plaintiffs note that a court is not bound by the literal language of a statute when that language "yields absurd or unjust consequences not contemplated by the legislature." The plaintiffs contend that is the case here.

¶ 32    The plaintiffs again argue that any payments received under section 1(b) are not subject to federal income tax. The plaintiffs maintain that, if withholding is allowed, "the injured employee would lose out on an amount equivalent to the employment tax withholdings," even though section 1(b) payments are tax exempt. The plaintiffs contend that the legislature's purpose in enacting section 1(b) was "to create a benefit that provides full pay" and that "the legislature could not have intended to

allow a public employer to withhold a portion of the benefits from an injured employee without reason." Thus, the plaintiffs argue that section 1(b) must be read as prohibiting the withholding of employment taxes. Here, too, we disagree.

¶ 33   As in the circuit court, the plaintiffs in this court have not pointed to any IRS ruling specifically establishing that payments under section 1(b) are exempt from federal income tax. Nor have the plaintiffs identified any federal law or regulation that prohibits public employers from withholding employment taxes from section 1(b) payments. Even assuming, however, that the plaintiffs are correct and that section 1(b) payments are not subject to federal income tax, that does not mean that an injured employee is wrongfully denied amounts owed to him when the employer withholds employment taxes. Instead, it simply means that the employee must seek a refund from the IRS or adjust his tax withholding by submitting a new W-4 withholding form to his employer.

¶ 34   At its root, then, the plaintiffs' complaint is not about failing to receive amounts owed but, rather, about how section 1(b)'s payments are administered. Requiring public employers to determine when employment taxes should and should not be withheld from section 1(b) payments can create an administrative burden on the employer, particularly in cases where the employee is on repeated, short periods of leave and switching back and forth between being on and off active duty. Section 1(b) eases that burden by allowing the public employer to simply continue the payments made to the employee in the same way they were made before the injury occurred. This makes the employee's tax liability his own responsibility and leaves the taxation question a matter to be determined between the employee and the IRS. That may not be the plaintiffs' preferred policy choice, but it is not an absurd result. Notably, other states have similar payment schemes. See, *e.g.*, Mass. Gen. Laws ch. 41, § 111F (2018) ("All amounts payable under this section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer or fire fighter."); N.C. Gen. Stat. Ann. § 143-166.15 (West 2018) ("All payments of salary shall be made at the same time and in the same manner as other salaries are paid to other persons in the same department.").

¶ 35   Section 1(b) unambiguously does not prohibit a public employer from withholding employment taxes from payments made to an injured employee under

that provision. Thus, the defendant did not violate section 1(b) when it continued to withhold employment taxes from the plaintiffs' disability payments on the same basis as before the plaintiffs were injured. Accordingly, we affirm the appellate court's judgment reversing the circuit court's judgment that the defendant unlawfully withheld employment taxes.

¶ 36                                               CONCLUSION

¶ 37        For the foregoing reasons, we affirm the judgment of the appellate court reversing the judgment of the circuit court. We remand this matter to the circuit court with directions to enter summary judgment for the defendant on the plaintiffs' claim that the defendant unlawfully withheld employment taxes and for further proceedings on Bitner's claim that the defendant improperly deducted sick, vacation, or compensatory time.

¶ 38        Appellate court judgment affirmed.

¶ 39        Circuit court judgment reversed.

¶ 40        Cause remanded with directions.